IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK WHEELER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE FITNESS FORMULA, LTD., and ) <br> LAKEVIEW FITNESS EAST, LLC, ) <br> ) <br> Defendants. ) | Case No. 18 CV 582 <br><br> Judge Robert W. Gettleman |

## **ORDER**

Plaintiff Mark Wheeler's debit card was charged assorted gym membership fees by defendants The Fitness Formula, Ltd., and Lakeview Fitness East, LLC. Plaintiff filed a putative class action, bringing claims under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693e(b); 1693*l*, and under the Illinois Consumer Fraud Act, 815 ILCS 505/2. Defendants moved for partial summary judgment on the EFTA claim, arguing that they were not liable for violating section 1693e(b). Assuming without deciding that defendants violated section 1693e(b), the court granted partial summary judgment as to six duplicate charges because those charges were unintentional and the result of a bona fide error, despite having maintained procedures reasonably adapted to avoid that error. Wheeler v. Fitness Formula, Ltd., No. 18 CV 582, Doc. 59 at 5–7, 2018 WL 5981849, at *3 (N.D. Ill. Nov. 14, 2018). The court, however, "express[ed] no opinion on whether any other charges violated section 1693e(b)," Doc. 59 at 2 n.1, 2018 WL 5981849 at *1 n.1, and asked the parties to identify plaintiff's remaining claims, Doc. 59 at 7, 2018 WL 5981849 at *3.

Before the court is plaintiff's motion to clarify the court's opinion (Doc. 60), on which the court ordered and received briefing. In his motion, plaintiff asks the court two questions:

(1) Of the eight transactions, on which transactions or parts of transactions did the court grant partial summary judgment?

(2) Does the court's ruling apply only to charges for double billed membership fees, or also to charges which occurred after the error was corrected in August, 2017?

As for the first question, plaintiff remains free to argue that charges other than the six double-billing errors violated section 1693e(b). The court granted partial summary judgment "to the extent that plaintiff seeks to hold defendants liable under section 1693e(b) of the EFTA for the six erroneous charges . . . ." Doc. 59 at 7, 2018 WL 5981849 at *3. Those charges occurred in 2017 on the first days of March, April, May, June, July, and August. Consistent with the court's ruling, defendants are not liable for those charges. The court, however, expressly declined to rule "on whether any other charges violated section 1693e(b)." Doc. 59 at 2 n.1, 2018 WL 5981849 at *1 n.1. Plaintiff therefore remains free to argue that other charges violated section 1693e(b).

As for the second question, because the court granted partial summary judgment only as to the "six erroneous charges," the court's ruling does not apply to charges after the billing error was corrected in August 2017.

In their briefs, the parties inexplicably argued numerous issues that were unrelated to "clarifying the court's opinion," including: whether other charges were "varying" under 1693e(b); the merits of claims that were not part of defendants' motion for summary judgment; and whether plaintiffs have standing under Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016).

Those arguments are not properly before the court, and the parties should save them for briefing on summary judgment.

## CONCLUSION

Plaintiff Mark Wheeler's motion to clarify (Doc. 60) the court's November 14, 2018 opinion is granted: plaintiff may argue that defendants are liable under section 1693e(b) of the EFTA for, (1) charges other than the six double billing errors, as discussed, and (2) charges after the billing error was corrected in August 2017. Defendants The Fitness Formula, Ltd., and Lakeview Fitness East, LLC's motion to file a sur-reply (Doc. 70) is granted. This case is set for a report on status on April 17, 2019, at 9:10 a.m.

**ENTER:** April 1, 2019

Robert W. Gettleman
United States District Judge